## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW MEXICO

ACE FIRE UNDERWRITERS
INSURANCE, COMPANY,

                         Plaintiff,

    vs.

                                            Case No.

DAVE ROMERO, JR. as Personal
Representative Of the Wrongful Death
Proceedings of JOSE A. CHAVEZ, deceased;
ISABEL CHAVEZ, Individually, BRANDON
CHAVEZ, individually LUIS GUTIERREZ,
individually, and TIFFANY FISHER,
individually,

### COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, ACE FIRE UNDERWRITERS INSURANCE COMPANY ("ACE"), by its attorneys, LEWIS BRISBOIS BISGAARD & SMITH LLP, and for its Complaint for Declaratory Judgment against DAVE ROMERO, JR., as Personal Representative of the Wrongful Death Proceedings of Jose A (Felix) Chavez, deceased, ISABEL CHAVEZ, BRANDON CHAVEZ, LUIS GUTIERREZ and TIFFANY FISHER, states as follows.

### OVERVIEW OF THE ACTION

1.    The parties have reached a settlement in the underlying lawsuit against all actual or potential parties, captioned *Dave Romero, Jr., as Personal Representative of the Wrongful Death Proceedings of Jose A (Felix) Chavez, deceased, Isabel Chavez, Individually, Brandon Chavez, Individually, Luis Gutierrez, Individually, and Tiffany Fisher, Individually v. Jesse William Hale, Individually, and Finney Farms, Inc.*, Case No. D-412-CV-20I1-415, pending in San Miguel District Court, New Mexico ("the underlying action"). All exposure against ACE's insureds has been resolved through that settlement, and accordingly, the insureds are not parties to this action.

2.      This is an action solely for declaratory relief, and a justiciable controversy exists between the parties, to determine the available limits of primary liability insurance, No. CA-188726 ("the Policy") issued by ACE to Finney Farms, Inc. in connection with the underlying action.

## PARTIES

3.      Plaintiff, ACE Fire Underwriters Insurance Company, is a Pennsylvania corporation with its principal place of business at 436 Walnut Street, Philadelphia, Pennsylvania.

4.      Defendant, Dave Romero, Jr., is an individual residing in San Miguel County, New Mexico and is the Personal Representative of the Wrongful Death Proceedings of Jose A. (Felix) Chavez, by an Order entered by the San Miguel District Court on March 12, 2011 in the underlying action.

5.      Upon information and belief, defendant Isabel Chavez is an individual residing in De Baca County, New Mexico, was  Jose A. (Felix) Chavez' wife, and is one of the plaintiffs in the underlying action.

6.      Upon information and belief, defendant Brandon Chavez is an individual residing in De Baca County, New Mexico, is Jose A. (Felix) Chavez' son, and is one of the plaintiffs in the underlying action.

7.      Upon information and belief, defendant Luis Gutierrez is an individual residing in Potter County, Texas, is Jose A. (Felix) Chavez' nephew, and is one of the plaintiffs in the underlying action.

8.       Upon information and belief, defendant Tiffany Fischer is an individual residing in Bernalillo County, New Mexico, is Jose A. (Felix) Chavez' niece, and is one of the

plaintiffs in the underlying action.

## JURISDICTION AND VENUE

9.      This court has jurisdiction pursuant to 28 U.S.C. § 1332 because the interests of the Plaintiff seeking declaratory judgment are diverse from those of all defendants and the amount in controversy exceeds the sum of seventy-five thousand ($75,000), exclusive of interest and costs.

10.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to this civil action arose in this judicial district.

## BACKGROUND FACTS

11.     This action arises out of a March 24, 2011 vehicle accident involving Jose A. (Felix) Chavez who was killed while driving on State Road 60, in Fort Summer, New Mexico when his vehicle collided with a tractor and trailer owned by Finney Farms, Inc. ("Finney Farms") and driven by Jesse William Hale ("Hale"), an employee of Finney Farms.

12.     Thereafter, Dave Romero, Jr., appointed as Personal Representative of the Wrongful Death Proceedings of Jose A. (Felix) Chavez and each of the defendants named herein, each individually, filed the underlying complaint against Finney Farms and Hale seeking damages for Wrongful Death and for Damages in the San Miguel District Court on August 1, 2011.

13.     At all relevant times, Plaintiff ACE was and is an insurance company lawfully doing business in the State of New Mexico.

14.     At all times material to this complaint, ACE provided Commercial Auto insurance to Finney Farms as an insured for the tractor and trailer operated by Hale at the time of the accident under Policy CA-188726.

15.     A dispute has arisen between the Plaintiffs and ACE as to whether Policy No. CA-188726 provided $1,000,000 or $2,000,000 in insurance coverage for the incident. ACE has tendered the undisputed amount of $1,000,000 to the plaintiffs.

16.     In August 2012, ACE and its insureds, Finney Farms and Hale, reached an agreement with the Defendants in settlement of the underlying action, the terms of which are set forth in the Settlement, Indemnity, Release of Liability, and Agreement to Continue with Declaratory Judgment Action Pertaining to Availability of Additional Insurance Coverage Under ACE Policy (hereinafter "settlement agreement") of $550,000, attached as **Exhibit A**.

17.     The only issue pertaining to settlement upon which the parties seek a declaration is a determination of the policy limit to be applied to this loss, and from that determination resolve the issue of whether an additional sum of $550,000 is owed to plaintiffs pursuant to the settlement agreement.

18.     Defendants have asserted that there are separate limits for the tractor and trailer for the bodily injury claim.  It is ACE's position that only one limit applies for the singular bodily injury. An actual controversy exists between the parties pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201.

## ACE INSURANCE POLICY

19.     The ACE policy provided Commercial Auto coverage effective September 20, 2010 to September 20, 2011 to Finney Farms under policy number CA188726, with liability policy limits of $1,000,000 per occurrence (the "Policy"). "Jesse Hale" is a listed driver on the Policy. A certified copy of the Policy is attached as **Exhibit B**.

20.     The "Schedule of Coverages and Covered Autos", Item Two in the Policy Declarations, specifies that coverage applies to specifically described auto, hired autos and

non-owned autos. Ex. B, DA-J9d. The Schedule also specifies that the Policy provides liability coverage with a limit of $1,000,000 which is under the column or heading "LIMIT‾ THE MOST WE WILL PAY FOR ANY ONE ACCIDENT OR LOSS". Ex. B, DA-J9d.

21.    The tractor and trailer allegedly involved in the accident are identified on Item three ‾"Schedule of Covered Autos You Own".

22.    The tractor and trailer allegedly involved in the occurrence each are separately listed in the Schedule referenced above.

23.    Relevant to this matter, the Business Auto Coverage Form, Section II – Liability Coverage of the Policy provides in pertinent part:

> **A.    Coverage**
> We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".
>
> * * *
>
> We have the right and duty to defend any "insured" against a "suit" asking for such damages or a "covered pollution cost or expense". However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" or a "covered pollution cost or expense" to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends when the Liability Coverage Limit or Insurance has been exhausted by payment of judgments or settlements.
>
> * * *
>
> Ex. B, CA 0001 03 10 at Page 3 of 12.
>
> **C.    Limits of Insurance**
>
> Regardless of the number of covered "auto", "insureds", premiums paid, claims made or vehicles involved in the

"accident", the most we will pay for the total of all damages and "covered pollution cost or expense" combined resulting from any one "accident" is the Limit of Insurance for Liability Coverage shown in the Declarations.

Ex. B, CA 0001 0310 at Page *5* of 12.

## COUNT I - DECLARATORY JUDGMENT

24.     Plaintiff incorporates paragraphs 1 through 23 as though fully set forth herein.

25.     The only remaining issue is whether the ACE Policy number CA-188726 provides an additional single limit of $1,000,000 regardless of the number of vehicles involved, requiring ACE to pay plaintiffs an additional $550,000 pursuant to the terms of the settlement agreement.

26.     Finney Farms and Hale have not been named in this suit as there are no questions of defense or indemnity under the terms of the Policy, as all matters relating thereto have been resolved by agreement as per the terms of the settlement agreement.  The only remaining issue is the interpretation of the limits available.

27.     The parties do not dispute that there was only one accident.

28.     Under the Policy "Limits of Insurance" under Paragraph C, *supra,* the unambiguous policy language provides that, regardless of the number of autos involved, for a single limit of $1,000,000 applicable to the liability arising from the concurrent use of the vehicles for this accident.

WHEREFORE, Plaintiff, ACE FIRE UNDERWRITERS INSURANCE COMPANY respectfully requests that this Court issue an Order declaring only:

A.      That the ACE Policy number CA-188726, Business Auto Coverage Form, provides liability coverage in the amount of $1,000,000 per accident,

B.      That the total amount of coverage applicable under ACE Policy number CA-188726 to this accident is $1,000,000 regardless of the number of vehicles involved,

C.      That ACE Policy number CA-188726 limitation of liability is clear and unambiguous, limiting coverage to $1,000,000.

D.      The parties have specifically agreed that the sole issue to be resolved is the amount of policy limits and no other relief would be appropriate.

Respectfully submitted on November 1, 2012,

LEWIS BRISBOIS BISGAARD & SMITH LLP

By:    /s/ Stephen Hoffman
       Stephen D. Hoffman
       LEWIS BRISBOIS BISGAARD & SMITH LLP
       Phoenix Plaza Tower II
       2929 N. Central Avenue, Suite 1700
       Phoenix, AZ 85012-2761
       (602) 385-1040
       Fax (602) 385-1051
       One of the attorneys for Plaintiff
       ACE Fire Underwriters Insurance Company

I HEREBY CERTIFY that on November 1, 2012, I
filed the foregoing electronically through the CM/ECF
system.

I FURTHER CERTIFY that on such date I served
the foregoing on the following participants
via email and certified U.S. Mail (return receipt requested):

W.H. Greig, Esq.
Greig & Richards, P.A.
409 Pile Street
P.O. Box 1080
Clovis, New Mexico 88102-1080
(575) 763-4428
grpalaw@plateautel.net


/s/ Sandra Eliot
25943-1432