UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

ACE FIRE UNDERWRITERS INSURANCE
COMPANY,

        Plaintiff,

v.                                                      Case No. 1:12-cv-01129 KG/RHS

DAVE ROMERO, JR. as Personal Representative
of the Wrongful Death Proceedings of
JOSE A. (Felix) CHAVEZ, Deceased;
ISABEL CHAVEZ, individually,
BRANDON CHAVEZ, individually
LUIS GUTIERREZ, individually, and
TIFFANY FISHER, individually,

        Defendants.

_____

DAVE ROMERO, JR. as Personal Representative
of the Wrongful Death Proceedings of
JOSE A. (Felix) CHAVEZ, Deceased;
ISABEL CHAVEZ, individually,
BRANDON CHAVEZ, individually
LUIS GUTIERREZ, individually, and
TIFFANY FISHER, individually,

        Defendants/Counter-Plaintiffs,

v.

ACE FIRE UNDERWRITERS INSURANCE
COMPANY,

        Plaintiff/Counter-Defendant.

MEMORANDUM OPINION AND ORDER

On May 6, 2014, Plaintiff Ace Fire Underwriters Insurance Company (Ace) filed a Motion to Amend or Vacate the Court's April 9, 2014 Judgment in Consideration of the New Mexico Supreme Court's Writ of Certiorari of *Lucero v. Northland Insurance* (Motion to Amend). (Doc. 38). On May 15, 2014, Defendants responded. (Doc. 43). Ace has not filed a reply.

In its Motion to Amend, Ace requests that the Court vacate its April 9, 2014, Memorandum Opinion and Order (MOO), or, in the alternative, stay enforcement of the judgment against Ace pending the resolution of an appeal of the New Mexico Court of Appeals ruling in *Lucero v. Northland Ins.*, 2014 WL 834831 (N.M. Ct. App.). In the MOO, the Court granted Defendants' Motion to Reconsider and granted declaratory relief in Defendants' favor largely based on the New Mexico Court of Appeal decision in *Lucero*. *See* (Doc. 36). On May 1, 2014 the New Mexico Supreme Court granted a writ of certiorari in *Lucero*. *See* (Doc. 38-1) at 4.

Based on the writ of certiorari, Ace requests first that the Court vacate the MOO pursuant to Fed. R. Civ. Pro. 59(e). Appropriate grounds for a Rule 59(e) motion include "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Ace argues that "[t]he New Mexico Supreme Court's forthcoming decision regarding construction of policy limits … qualifies as an intervening change in controlling law."[1] (Doc. 38) at 4. The Court disagrees. The New Mexico Court of Appeals decision in *Lucero* remains the controlling law for this case. *See* Rule 12-405(C) NMRA ("A petition for a writ of certiorari filed pursuant to Rule 12-502 NMRA or a Supreme Court order granting the petition does not affect the precedential value of an opinion of the Court of Appeals, unless otherwise ordered by the Supreme Court."). The possibility that the New Mexico Supreme Court may overrule *Lucero* does not constitute a change in the controlling law. Hence, there has not been an intervening change in the controlling law which would justify Rule 59(e) relief.

---

[1] Ace does not argue that there is new evidence previously unavailable or that there is a need to correct clear error or prevent manifest injustice.

Next, the Court construes Ace's alternative request to stay enforcement of the judgment pending the resolution of the *Lucero* appeal as a request to stay enforcement under Fed. R. Civ. P. 62(d). The Court notes that on May 7, 2014, Ace filed an appeal of the MOO to the Tenth Circuit Court of Appeals. *See* (Doc. 39). Pursuant to Rule 62(d), an appellant may obtain a stay of proceedings to enforce a judgment pending an appeal by giving a supersedeas bond.[2] A supersedeas bond is "[a]n appellant's bond to stay execution on a judgment during the pendency of the appeal." *Black's Law Dictionary* 202 (9th ed. 2009). A party must move in the district court for approval of the supersedeas bond.[3] Fed. R. App. P. 8(a)(1)(B). The stay is not effective until the bond is approved by the court. Fed. R. Civ. P. 62(d). Ace has not moved the Court to approve a supersedeas bond, and, therefore, the Court denies Ace's Rule 62(d) request to stay enforcement of the judgment. Consequently, Ace's Motion to Amend is denied.

IT IS ORDERED that Ace's Motion to Amend (Doc. 38) is denied in that:

1) Ace's Rule 59(e) request to vacate the April 19, 2014, Memorandum Opinion and Order is denied with prejudice; and

2) Ace's Rule 62(d) request to stay enforcement of the judgment is denied without prejudice.

                                              UNITED STATES DISTRICT JUDGE

---

[2] The specific language of Fed. R. Civ. P. 62(d) states: "If an appeal is taken, the appellant may obtain a stay by supersedeas bond, except in an action described in Rule 62(a)(1) or (2). The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond."

[3] In relevant part, Rule 8(a)(1) states that "[a] party must ordinarily move first in the district court for the following relief: (A) a stay of the judgment or order of a district court pending appeal or (B) approval of a supersedeas bond … ." Fed. R.App. P. 8(a)(1).